## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MARSHALL THOMAS COBB, SR., | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:09-cv-441-DFH-DML |
| ED BUSS, Commissioner, et al., | ) |
| Defendants. | ) |

**Entry and Order Directing Dismissal of Action**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. The plaintiff's request for class certification is denied. *See Lasley v. Godinez*, 833 F.Supp. 714, 715 n.1 (N.D.Ill. 1993) (pro se prisoners could not adequately represent class of inmates); *Turner-El v. Illinois Bd. of Education*, 1994 WL 27874, at *1 (N.D.Ill. Jan. 31, 1994) ("Because a layman does not ordinarily possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a pro se litigant.") (citations omitted) (*citing Phillips v. Tobin*, 548 F.2d 408, 413-14 (2d Cir. 1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *Ethnic Awareness Organization v. Gagnon*, 568 F. Supp. 1186, 1187 (E.D.Wis. 1983)).

2. The plaintiff is a state prisoner who seeks injunctive relief and damages based on his claims that the conditions of his confinement–double bunking at the Pendleton Correctional Facility–violate his constitution rights. To avoid dismissal of the action pursuant to 28 U.S.C. § 1915A(b), the complaint must state a claim upon which relief can be granted. "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

3.    The Eighth Amendment's proscription against the imposition of cruel and unusual punishment provides the constitutional standard for the treatment of convicted offenders such as the plaintiff. *Helling v. McKinney*, 509 U.S. 25, 31-32 (1993). Conditions of confinement may rise to the level of a constitutional violation only if those conditions involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *Wilson v. Seiter,* 501 U.S. 294, 298-305 (1991).

4.    The plaintiff's complaint fails to state a claim upon which relief can be granted because it lacks factual content allowing the court to draw the reasonable inference that the conditions of his confinement involve the deprivation of a single identifiable human need or the denial of the minimal civilized measure of life's necessities. *James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992)("not all prison conditions trigger eighth amendment scrutiny--only deprivations of basic human needs like food, medical care, sanitation, and physical safety.").

5.    For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to state a claim upon which relief can be granted. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

So ordered.

Date: June 10, 2009

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana